IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| BECKMAN COULTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> SYSMEX AMERICA, INC. and SYSMEX CORPORATION, <br><br> Defendants. | Case No. _____ <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, BECKMAN COULTER, INC. ("BCI"), by and through its undersigned counsel, alleges as follows for its Complaint for Patent Infringement against Defendants, SYSMEX AMERICA, INC. and SYSMEX CORPORATION (collectively, "Sysmex").

**NATURE OF THE ACTION**

1. This is a patent infringement action to stop Sysmex's infringement of United States Patent No. 6,581,012, entitled "Automated Laboratory Software Architecture" (the "'012 Patent"). A true and correct copy of the '012 Patent is attached hereto as **Exhibit "A."** BCI is the owner by assignment of the '012 Patent. The '012 Patent describes and claims an integrated clinical laboratory system with integrated work flow automation programming for testing specimens. BCI has owned the '012 Patent throughout Sysmex's infringing acts and still owns it.

**PARTIES**

2. BCI is a Delaware corporation having its principal place of business in Brea, California.

3. BCI is an industry leader in diagnostics and equipment for biomedical research and

testing. BCI's technologies improve the productivity of medical professionals and scientists, supplying critical information for improving patient health and delivering trusted solutions for research and discovery. BCI's technologies are used in thousands of hospitals and laboratory facilities worldwide.

4.  Sysmex America, Inc. is a Delaware corporation having its principal place of business at 577 Aptakisic Road, Lincolnshire, Illinois 60069.

5.  Sysmex Corporation is a Japan corporation having its principal place of business at 1-5-1 Wakinohama-Kaigandori, Chuo-ku, Kobe 651-0073, Japan.

6.  On information and belief, Sysmex America, Inc. is, at least, an agent of Sysmex Corporation in connection with certain of the activity described below.

7.  Sysmex states on its website that "Sysmex America, Inc. in Lincolnshire, Illinois, is the US headquarters for Sysmex Corporation based in Kobe, Japan."

8.  As explained herein, Sysmex's infringement has harmed BCI. Without authorization, Sysmex has made, sold, offered to sell, used and/or imported products and services that infringe the '012 Patent.

## JURISDICTION AND VENUE

9.  This action is for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over the patent infringement cause of action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.  The Court has personal jurisdiction over Sysmex because, on information and belief, they have purposefully availed themselves of the privileges of conducting business in the State of Florida; they have sought protection and benefit from the laws of the State of Florida; they conduct business within the State of Florida; they have caused harm to BCI within the State of

2

Florida; and BCI's causes of action arise directly from Symex's contacts and other activities in at least the State of Florida.

11. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400.

12. Sysmex has committed acts of patent infringement in this district.

13. Sysmex America, Inc. has maintained a regular and established place of business in this district, with a physical office at 5721 NW 158th St, Miami Lakes, Florida 33014. Sysmex America, Inc. also recently opened an office in Doral, Florida.

14. On information and belief, Sysmex Corporation does not maintain any regular and established place of business in the United States. Venue is therefore proper as to Sysmex Corporation in any district in the United States.

## THE '012 PATENT

15. The '012 Patent issued on June 17, 2003.

16. BCI owns the right, title, and interest in the '012 Patent, with full rights to pursue recovery of royalties or damages for infringement of the '012 Patent, including full rights to recover past and future damages.

17. Each claim of the '012 Patent is valid and enforceable.

18. The '012 Patent describes a technical solution to a technical problem. For example, specimen analysis and processing systems prior to the '012 Patent performed only some but not all technical aspects of a laboratory work flow. Pre-analytical tasks such as order entry, specimen collection and labeling, specimen receipt, specimen sorting, aliquoting, specimen delivery, work load balancing, and ordering reflex testing were performed separately from analytical tasks such as quality control analysis, analyzer checks, specimen identification, sample analysis, sample preparation, and test repeats. Such analytical tasks were, in turn, performed separately from post-

analytical tasks such as test data review, result verification, quality assurance analysis, insurance claims, results data storage, specimen storage, and specimen retrieval.

19. Due to prior technical limitations, no single system existed that seamlessly performed the diverse aspects of the laboratory testing process. The invention of the '012 Patent solved this problem through the use of an extensible object-based architecture.

20. The programming objects and methods of the '012 Patent invention permit integration between the pre-analytical, analytical and post-analytical aspects of a laboratory facility, and further permit automation and increased scalability, which had not been possible due to the technical limitations of prior systems.

21. As explained in greater detail below, Sysmex provide products and services that use the technology claimed by '012 Patent, and have offered infringing products for sale nationwide and in this judicial district, including at least the XN-9000 series of hematology analyzer products.

**FACTUAL BACKGROUND**

22. Sysmex offers products and services that are similar to BCI's products and services.

23. Sysmex and BCI both offer medical laboratory diagnostic and analysis equipment, such as hematology analyzer systems.

24. Sysmex and BCI directly compete for customers and potential customers of medical laboratory diagnostic and analysis equipment, including hematology analyzer systems.

25. Sysmex manufactures and/or sells a plurality of devices for automated execution of blood analyses. These hematology analysis units are sold by Sysmex under the product series name "XN Series." The XN Series includes the products XN-1000, XN-2000, XN-3000, and XN-9000, which differ from one another with regard to technical equipment and configuration and the

number of specimens that can be analyzed per unit of time.

26. The XN-1000 is the basic model of the XN Series and in the basic configuration has an XN analysis module of the type XN-10 and a sampler module or sample transportation module of the type SA-10, which can accommodate up to five racks with blood samples. The XN-1000 is capable of analyzing about 100 blood samples per hour.

27. By comparison with the XN-1000, the XN-2000 offers twice the range of functions and is equipped with two XN analysis modules and an SA-20 type sampler module for up to ten racks. The XN-2000 is capable of achieving a throughput of 200 blood samples per hour.

28. In addition to the equipment of the XN-2000, the XN-3000 has a SP-10 type slide preparation unit, which provides automated production of blood smears in the context of sample preparation. Blood smears produced by the slide preparation unit can then be automatically analyzed by one of the XN analysis modules.

29. The XN-9000 is the most comprehensive product of the XN Series and is designed for a high throughput of blood samples. The basic model of the XN-9000 has at least the same equipment as the XN-3000, but is expandable and can be adapted in modular fashion to the specific needs of hospitals and laboratories.

30. Sysmex advertises that the XN-9000 offers a "Flexible modular design for scalability and future expandability" and uses a "Lavender Top Management with Sysmex WAM Middleware" such that "Results and specimen management are easily scaled to support a wide range of laboratory environments."

31. Sysmex describes the operation of the XN-9000 as follows:

*The XN-9000 takes a whole new approach to hematology automation and offers a suite of higher capacity solutions that are both scalable and configurable. If you need to integrate workstations to improve turnaround time and labor utilization, the XN-9000 can be tailored to meet your requirements. Up to 9 analytical modules*

*may be combined in one integrated system. This configuration can also include other automation modules such as the Sysmex SP-10 slidemaker/stainer, automated reagent preparation units (Sysmex RU-20), tube sorters, and hemoglobin A1c testing modules.*

32. Sysmex further describes the XN-9000 as offering: *"Flexible modular design for scalability and future expandability."*

33. A sample configuration of an XN-9000 system, as advertised by Sysmex, is attached as **Exhibit "B."** The configuration includes a slidemaker/stainer (SP-10), two specimen analysis modules (XN-10), a specimen transport module, and an information processing unit.

34. The XN-9000 is a system for use in all three phases of the analysis cycle for specimen material: pre-analytical, analytical and post-analytical processing. Sysmex advertises the XN-9000 as an "Option for laboratories desiring hands-free pre- and post-analytical Lavender Top Management® (LTM) solution."

35. The XN-9000 system includes an extensible clinical laboratory object-based architecture for testing a specimen. The architecture is configured for providing laboratory information flow management for pre-analytical, analytical and post-analytical laboratory processing.

36. The XN-9000 architecture includes a physical element layer that includes at least one specimen processing module for performing at least one test on a specimen.

37. The XN-9000 architecture includes an integrated work flow automation layer for communicating with a specimen processing module. On information and belief, and as will be confirmed through an inspection of the XN-9000 source code, the work flow automation layer of the XN-9000 architecture includes a set of integrated work flow object classes for performing specimen tests, and which include programming objects which can be specialized.

38. The XN-9000, through its object-based architecture, processes user requests for

6

specimen tests. On information and belief, and as will be confirmed through an inspection of the XN-9000 source code, the workflow automation layer of the XN-9000 architecture includes means for processing such requests using structure that is the same as or equivalent to what is described in the '012 Patent specification.

39. The XN-9000, through its object-based architecture, provides functional control of a specimen processing module. On information and belief, and as will be confirmed through an inspection of the XN-9000 source code, the workflow automation layer of the XN-9000 architecture further includes means for providing such control using structure that is the same as or equivalent to what is described in the '012 Patent specification.

40. The XN-9000, through its object-based architecture, processes test result data from specimen tests. On information and belief, and as will be confirmed through an inspection of the XN-9000 source code, the workflow automation layer of the XN-9000 architecture includes means for processing such test result data using structure that is the same as or equivalent to what is described in the '012 Patent specification.

41. On information and belief, and as will be confirmed through an inspection of the XN-9000 source code, the workflow automation layer of the XN-9000 architecture includes published interfaces through which the architecture may be extended.

42. The XN-9000 architecture includes an integrated user interface layer for communicating with the workflow automation layer to permit a user to control and monitor the system.

43. The XN-9000 architecture further includes at least one specimen delivery module for transporting specimens to and from at least one specimen processing module.

44. The XN-9000, through its object-based architecture, controls specimen position,

routing and distribution to processing sites. On information and belief, and as will be confirmed through an inspection of the XN-9000 source code, the workflow automation layer of the XN-9000 architecture further includes means for controlling specimen position, routing and distribution to processing sites using structure that is the same as or equivalent to what is described in the '012 Patent specification.

45. BCI requested access to the source code for the XN-9000. As of the filing of this Complaint, Sysmex has not made its source code available and has not indicated that it will make its source code available.

46. On October 5, 2017, Sysmex introduced a new product in the United States which it denoted as the XN-9100. According to Sysmex, the XN-9100 "provides the same reliable and proficient connectivity options as the XN-9000, but with greater customization that saves space and maximizes productivity." On information and belief, the operation of the XN-9000 system described in Paragraphs 29 - 44 applies equally to the XN-9100 system.

47. All conditions precedent to the filing of this action have occurred, have been performed or have been waived.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,581,012

48. BCI refers to and incorporates herein the allegations of Paragraphs 1-47 above.

49. Sysmex have offered infringing products for sale nationwide and in this judicial district, including at least the XN-9000 and XN-9100 Automated Hematology System.

50. Sysmex have infringed and are still infringing at least claims 1, 14, 15 and 19 of the '012 Patent by making, selling, and using hematology analyzer systems that embody the patented invention, including at least the XN-9000 and XN-9100 Automated Hematology System, and Sysmex will continue to do so unless enjoined by this Court.

51. Symex's infringement of the '012 Patent has occurred with knowledge of the '012 Patent and willfully, intentionally and deliberately in violation of 35 U.S.C. § 284. Despite their knowledge of the '012 Patent, Sysmex have not taken steps to avoid infringement.

52. BCI has been injured by Sysmex's ongoing, willful infringement of the '012 Patent and is entitled to recover damages adequate to compensate BCI for infringement of the '012 Patent.

53. BCI has provided notice of the '012 Patent to Sysmex in compliance with the statutory requirement of 35 U.S.C. § 287.

**WHEREFORE**, Plaintiff, BECKMAN COULTER, INC., prays that the Court enter judgment against Defendants, SYSMEX AMERICA, INC. and SYSMEX CORPORATION as follows: (1) Entry of judgment holding Sysmex liable for infringement of the '012 Patent; (2) An Order enjoining Sysmex and its officers, agents, servants, employees, and attorneys, and those in active concert or participation with them who receive actual notice of the order granting the injunction by personal service or otherwise, from continued acts of infringement of the '012 Patent; (3) An award to BCI of damages against Sysmex for the infringement of the '012 Patent, together with prejudgment and post-judgment interest; (4) Trebling of damages under 35 U.S.C. § 284 in view of the willful and deliberate nature of Sysmex's infringement of the '012 Patent; (5) An award to BCI of its costs and attorney's fees under 35 U.S.C. § 285; and (6) Such other and further relief to BCI, at law or in equity, which the Court may deem proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), BCI demands a trial by jury for all issues so triable.

Respectfully submitted this 3rd day of November, 2017.

                                      **BROAD AND CASSEL LLP**
*Counsel for Beckman Coulter, Inc.*

/s/ Robert Alfert, Jr., P.A.
**ROBERT ALFERT, JR., P.A.**
Florida Bar No. 0959324
ralfert@broadandcassel.com
390 N. Orange Avenue, Suite 1400
Orlando, Florida 32801
Telephone No. (407) 839-4200
Facsimile No. (407) 425-8377
vmattison@broadandcassel.com

**LEYDIG, VOIT & MAYER, LTD.**
*Counsel for Beckman Coulter, Inc.*

**WESLEY O. MUELLER, ESQ.**
wmueller@leydig.com
**DAVID M. AIRAN, ESQ.**
dairan@leydig.com
**AARON R. FEIGELSON, ESQ.**
afeigelson@leydig.com
**NICOLE E. KOPINSKI, ESQ.**
nkopinski@leydig.com
Two Prudential Plaza, Suite 4900
Chicago, Illinois  60601
Telephone No. (312) 616-5600
Facsimile No. (312) 616-5700

10