**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Case No. 1:17-cv-24049-GAYLES

BECKMAN COULTER, INC.,

                Plaintiff,

     v.

SYSMEX AMERICA, INC., SYSMEX
CORPORATION,

                Defendants.

**DEFENDANTS' COMBINED MOTION TO DISMISS FOR FAILURE TO STATE A
CLAIM, SYSMEX CORPORATION'S MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION, AND DEFENDANTS' COMBINED MOTION, IN THE
ALTERNATIVE, TO TRANSFER, AND INCORPORATED MEMORANDUM OF LAW**

## <u>TABLE OF CONTENTS</u>

I.  INTRODUCTION ..................................................................................................... 1

II.  NATURE AND STAGE OF PROCEEDINGS ..................................................... 3

III.  STATEMENT OF FACTS ...................................................................................... 3

    A.  The Parties ..................................................................................................... 3

    B.  The Events Leading To The Complaint ...................................................... 3

    C.  Sysmex Has Virtually No Contacts With Florida ..................................... 4

    D.  SAI Is Not Sysmex's Agent ......................................................................... 5

    E.  Sysmex's And SAI's Declaratory Judgement Complaint .......................... 6

IV.  APPLICABLE LEGAL STANDARDS .................................................................. 6

    A.  Stating A Claim For Patent Infringement ................................................... 6

    B.  Personal Jurisdiction .................................................................................... 6

        1.  The Florida Long-Arm Statute ......................................................... 7

        2.  Due Process ........................................................................................ 8

    C.  Transfer ......................................................................................................... 9

V.  ARGUMENT ......................................................................................................... 10

    A.  BCI's Complaint Fails To State A Claim For Patent Infringement ......... 10

    B.  The Court Lacks Personal Jurisdiction Over Sysmex .............................. 13

        1.  Sysmex's Isolated Florida Activity Do Not Support General
            Jurisdiction ...................................................................................... 13

        2.  Sysmex Has Not Committed Acts Of Alleged Infringement In
            Florida That Would Support Specific Jurisdiction ....................... 15

        3.  SAI's Florida-Based Activity Cannot Be Imputed To Sysmex
            Under An Agency Theory ................................................................ 15

    C.  If Not Dismissed This Case Should Be Transferred ................................. 17

        1.  BCI's Choice of Forum Is Not Entitled To Any Deference ........... 17

        2.  The Convenience Of The Witnesses Favors Transfer ................... 18

        3.  Location Of The Relevant Documents And Sources of Proof Favor
            Transfer ............................................................................................ 18

        4.  The Interests Of Justice Favor Transfer ........................................ 19

VI.  CONCLUSION ..................................................................................................... 19

# **TABLE OF AUTHORITIES**

## Cases

Asghari-Kamrani v. United Servs. Auto. Ass'n,
    U.S. Dist. LEXIS 48012 (E.D. Va. Mar. 22, 2016) ------------------------------------------------11
Autogenomics, Inc. v. Oxford Gene Tech., Ltd.,
    566 F.3d 1012 (Fed. Cir. 2009) ---------------------------------------------------------------------- 7
Blackberry Ltd. v. Blu Prods.,
    2017 U.S. Dist. LEXIS 45657 (S.D. Fla. Mar. 27, 2017).-----------------------------------6, 12
Celgard, LLC v. SK Innovation Co.,
    792 F.3d 1373 (Fed. Cir. 2015) ------------------------------------------------------------------- 7, 9
Daimler AG v. Bauman,
    134 S. Ct. 746 (2014)------------------------------------------------------------------------------8, 14
Dow Jones & Co. v. Ablaise Ltd.,
    606 F.3d 1338 (Fed. Cir. 2010) ------------------------------------------------------------------13
EcoServices, LLC v. Certified Aviation Servs, LLC,
    2016 U.S. Dist. LEXIS 111527 (S.D. Fla. Aug. 22, 2016)----------------------------9, 17, 18, 19
Endura Prods. v. Global Prods. Int'l Grp., LLC,
    2017 U.S. Dist. LEXIS 184574 (N.D. Ga. May 25, 2017)---------------------------------------10
Hard Candy, LLC v. Hard Candy Fitness, LLC,
    106 F. Supp. 3d 1231 (S.D. Fla. 2015)-------------------------------------------------------------16
Int'l Shoe Co. v. Washington,
    326 U.S. 310 (1945) --------------------------------------------------------------------------------- 9
Jenkins v. LogicMark, LLC,
    2017 U.S. Dist. LEXIS 10975 (E.D. Va. Jan. 25, 2017) --------------------------------------11
Jones v. RTC Mfg.,
    2017 U.S. Dist. LEXIS 134077 (M.D. Fla. Mar. 24, 2017)------------------------------------- 7
Manuel v. Convergys Corp.,
    430 F.3d 1132 (11th Cir. 2005) --------------------------------------------------------------------- 9
Meier v. Sun Int'l Hotels, Ltd.,
    288 F.3d 1264 (11th Cir. 2002) --------------------------------------------------------------------- 8
Meterlogic, Inc. v. Copier Solutions, Inc.,
    126 F. Supp. 2d 1346 (S.D. Fla 2000) -------------------------------------------------------------16
NexLearn v. Allen Interactions, Inc.,
    859 F.3d 1371 (Fed. Cir. 2017) -----------------------------------------------------------------9, 14
Organic Mattresses, Inc. v. Environmental Res. Outlet, Inc.,
    2017 U.S. Dist. LEXIS 166628 (S.D. Fla. Oct. 6, 2017)----------------------------------------- 7
Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V.,
    701 F.2d 889 (11th Cir. 1983)----------------------------------------------------------------------- 8
Posner v. Essex Ins. Co.,
    178 F.3d 1209 (11th Cir. 1999) ---------------------------------------------------------------- 7, 8
Quick Techs., Inc. v. Sage Grp. Plc,
    313 F.3d 338 (5th Cir. 2002) ----------------------------------------------------------------------14
Raptor, LLC v. Odebrecht Constr., Inc.,
    2017 U.S. Dist. LEXIS 140300 (S.D. Fla. Aug. 31, 2017)----------------------------------6, 13

Schulman v. Institute for Shipboard Educ.,
    624 F. App'x 1002 (11th Cir. 2015)------------------------------------------------------------14
State v. Am. Tobacco Co.,
    707 So. 2d 851 (Fla. 4th DCA 1998)-----------------------------------------------------------16
Thermolife Int'l, LLC v. Vitamin Shoppe, Inc.,
    2016 U.S. Dist. LEXIS 122110 (S.D. Fla. June 8, 2016)-----------------------------------6, 12
Venetian Salami Co. v. Parthenais,
    554 So. 2d 499 (Fla. 1989)-------------------------------------------------------------------- 8
Werteks Closed Joint Stock Co. v. Vitacost.com, Inc.,
    2016 U.S. Dist. LEXIS 128032 (S.D. Fla. Sept. 20, 2016) -----------------------------------12

Statutes

28 U.S.C. § 1404(a) -------------------------------------------------------------------------- 2, 9
Fla. Stat. § 48.193(1)(a) ---------------------------------------------------------------------8, 15
Fla. Stat. § 48.193(2)-------------------------------------------------------------------------8, 13

Other Authorities

Fed. R. Civ. P. 12(b)(2)----------------------------------------------------------------------- 2, 6
Fed. R. Civ. P. 12(b)(6)------------------------------------------------------------------------- 2

iv

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Sysmex Corporation ("Sysmex") and Sysmex America, Inc. ("SAI") move to dismiss Plaintiff Beckman Coulter, Inc.'s ("BCI") complaint for alleged patent infringement for failure to state a claim. Defendant Sysmex also moves pursuant to Fed. R. Civ. P. 12(b)(2) to dismiss for lack of personal jurisdiction. Finally, and in the alternative, Defendants move pursuant to 28 U.S.C. § 1404(a) to transfer this action to the Northern District of Illinois. The Northern District of Illinois is not only a more convenient forum, but also is where Sysmex's and SAI's declaratory judgment action against BCI is currently pending. That declaratory judgment involves the same patent and accused products at issue here.

## I.    INTRODUCTION

Plaintiff Beckman Coulter, Inc. ("BCI") decided to shoot first and ask questions later, but the consequence of that strategy is a defective complaint filed in a court that lacks personal jurisdiction.

Defendant Sysmex Corporation's ("Sysmex") XN-9000 and XN-9100 hematology analyzers, and more specifically the source code for those machines, are the target of BCI's infringement allegations. Shortly before filing its complaint, BCI sent a letter to Sysmex's wholly-owned subsidiary, Defendant Sysmex America, Inc. ("SAI"), requesting (1) access to certain source code, and (2) an explanation why SAI "believes that its XN-9000 family does not infringe the 012 patent." SAI referred BCI's letter to its parent, Sysmex, which promptly advised BCI that Sysmex would respond by a date certain. Four days later, and without waiting for Sysmex's promised response, BCI filed the instant complaint without reviewing the very source code it had requested for purposes of investigating SAI's purported infringement.

BCI's complaint is fatally defective. Not only are the infringement allegations conclusory, merely parroting the claim language and often based upon "information and belief," but also BCI's

complaint fails to allege that the accused XN-9000 and XN-9100 products practice or otherwise include each and every limitation of the asserted claims—a necessary requirement of a well-pled complaint for alleged patent infringement.  Because of these and other defects, BCI's complaint fails to state a claim, and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Sysmex also moves pursuant to Fed. R. Civ. P. 12(b)(2) to dismiss for lack of personal jurisdiction.  Sysmex is domiciled in Japan, with a principle place of business in Kobe, Japan.  Sysmex has not committed acts of alleged infringement in Florida, nor are Sysmex's isolated contacts with Florida sufficient to support general personal jurisdiction.  Also without merit is BCI's agency theory.  SAI is not Sysmex's agent.  SAI controls its own day-to-day operations, including where and to whom the accused products are sold in the United States.  SAI's Florida-based activities cannot be imputed to Sysmex, either under an agency theory or otherwise.

In the event BCI's defective complaint is not dismissed (and, respectfully, it should be), Defendants move, in the alternative, pursuant to 28 U.S.C. § 1404(a) to transfer this action to the Northern District of Illinois.  The Northern District of Illinois is both a more convenient forum, and has a greater interest in this dispute.  That is where SAI maintains its principle place of business, takes delivery and title to the allegedly infringing products, and where many of the relevant SAI documents and witnesses are located.  Florida, on the other hand, has little connection to this case.  None of the parties are Florida corporations, nor do they have principle places of business here.  Because the Southern District of Florida is not its home, BCI's selection of this forum is entitled to little – if any – deference.

Judicial economy also favors transfer.  Sysmex and SAI have filed a declaratory judgment action against BCI in the Northern District of Illinois.  That action involves the same patent and accused products at issue here.  It would be a waste of judicial resources for two courts to address

2

the same issues of invalidity and non-infringement in parallel.  For these additional reasons, this case should be transferred to the Northern District of Illinois where it can be consolidated or otherwise coordinated with Sysmex's and SAI's declaratory judgment action.

## II.     NATURE AND STAGE OF PROCEEDINGS

BCI filed its complaint on November 3, 2017, alleging that Sysmex Corp.'s XN-9000 and XN-9100 automated hematology systems infringe BCI's United States Patent No. 6,581,012, which is entitled "Automated Laboratory Software Architecture."  ("the 012 Patent"). Compl., D.E. 1, ¶ 1.  Sysmex waived service, and, having received an extension, SAI's date to answer or otherwise plead is also February 1, 2018.  Waiver of Service, D.E. 29.  In lieu of answering, Sysmex and SAI have filed the current motions.

## III.    STATEMENT OF FACTS

### A.     The Parties

Plaintiff BCI alleges that it is a Delaware corporation having a principle place of business in Brea, California.  D.E. 1, ¶ 2.  Defendant Sysmex is a Japanese corporation organized and existing under the laws of Japan.  Declaration of Takao Murakami, ("Murakami Decl."), Ex. 1, ¶ 4.  Sysmex's principal place of business is in Kobe, Japan.  *Id.*  SAI is a Delaware Corporation having its principal place of business in Lincolnshire, IL.  Declaration of Andre Ezers, ("Ezers Decl."), Ex. 2, ¶¶ 4-5.  SAI is Sysmex's wholly owned subsidiary.  *Id.* at ¶ 7.  SAI has the exclusive right to market, distribute, and sell Sysmex branded products in the United Sates, including the accused XN-9000 and XN-9100 products.  *Id.* at ¶ 9.

### B.     The Events Leading To The Complaint

By letter dated October 17, 2017, BCI provided SAI notice of the 012 Patent and its potential "applicability to Sysmex's XN-9000 family of hematology analyzer products."  BCI

Letter, Ex. 3, Oct. 17, 2017.   BCI also requested (1) that SAI produce certain source code purportedly covered by the GNU General Public License, and (2) that SAI provide an explanation why it "believes that its XN-9000 family does not infringe the 012 patent."  *Id.*

By letter dated October 27, 2017, SAI acknowledged receipt of the BCI Letter, informed BCI that the Letter had been forwarded to Sysmex in Kobe, Japan, and that Sysmex would contact BCI directly.  SAI Letter, Ex. 4, Oct. 27, 2017.

By letter dated October 30, 2017, Sysmex responded to the BCI Letter.  Sysmex Letter, Ex. 5, Oct. 30, 2017.  Sysmex advised that it took the BCI Letter "very seriously," and that it would carefully review the matter.  *Id.*  Sysmex also informed BCI that, because it was "the busiest season of the year," Sysmex would need several weeks to respond, but that it would provide its "position during the week of November 27, 2017."  *Id.*  However, with respect to BCI's request for source code, Sysmex said it "may be able to complete[] [its review of that request] before November 27, 2017."  *Id.*  Sysmex also advised that "it may [help expedite] Sysmex's review . . . if [BCI] could provide . . . information as to how the claims of your patent read on the identified product family."  *Id.*

Four days later, and without waiting for Sysmex's promised response, BCI filed the current action on November 3, 2017, charging both Sysmex and SAI with alleged infringement.  D.E. 1.

### C.    Sysmex Has Virtually No Contacts With Florida

Sysmex is domiciled in Japan, with a principal place of business in Kobe, Japan.  Ex. 1, ¶ 4.  The accused XN-9000 and XN-9100 products were researched and developed in Kobe, Japan.  *Id.* at ¶ 13.  The accused XN-9000 and XN-9100 products are manufactured in Japan.  *Id.* at ¶ 14.  Sysmex sells the accused XN-9000 and XN-9100 products to SAI, which takes delivery and title of the products in Illinois.  *Id.* at ¶ 16.  Sysmex has not shipped any of the accused products into

Florida, and Sysmex has not and does not sell, offer to sell, manufacture or use the accused products in Florida.  *Id.* at ¶ 17.

Sysmex is not registered or licensed to do business in Florida.  *Id.* at ¶ 8.  Sysmex does not maintain a place of business, offices, or own or rent real property in Florida, nor does Sysmex maintain any type of bank or securities account in Florida.  *Id.* at ¶¶ 6-7.  With the exception of city consumption taxes for Sysmex personnel who travel through Florida, Sysmex does not pay taxes in Florida.  *Id.* at ¶ 9.  All of Sysmex's business records are kept in the regular course of business in Japan.  *Id.* at ¶ 10.  Sysmex does not distribute or sell products in or to Florida.  *Id.* at ¶ 11.  Although Sysmex's website is accessible from Florida, products cannot be purchased from the website nor are the prices even listed.  *Id.* at ¶¶ 18-19.  The website is informational.  *Id.* at ¶¶ 18, 20.  Sysmex's contacts with Florida are limited, and unrelated to the current action. Sysmex is a party to a research agreement with the University of Florida.  *Id.* at ¶ 21.  Also, one of Sysmex's executive officers has a residence in Florida.  *Id.* at ¶ 22

### D.   SAI Is Not Sysmex's Agent

Sysmex's branded products, including the accused XN-9000 and XN-9100 products, are marketed and sold in the United States exclusively by SAI.  Ezers Decl., Ex. 2, ¶ 9.  SAI controls its own day-to-day operations and internal affairs, including those relating to the marketing, sale and distribution of Sysmex branded products.  *Id.* at ¶ 12.  SAI determines and controls where, how, to whom, and the terms under which it markets and sells the Sysmex branded products.  *Id.* For example, SAI decides which customers to target, develops its own marketing strategies, and determines which trade shows to attend.  *Id.*  SAI is also responsible for the costs associated with its marketing, distribution and sales efforts, and determines the prices and terms under which it

sells the Sysmex branded products.  *Id.*  SAI supports the distribution, marketing, and sale of the Sysmex branded products from its offices in Lincolnshire, Illinois.  *Id.* at ¶ 11.

### E.    Sysmex's And SAI's Declaratory Judgement Complaint

On January 31, 2018, Sysmex and SAI filed a declaratory judgment complaint against BCI in the United States District Court for the Northern District of Illinois seeking a declaratory judgment that the accused XN-9000 and XN-9100 systems do not infringe claims 1, 14, 15, and 19 of the 012 Patent (the claims asserted in this action), and that those claims are invalid.  The Declaratory Judgment Action, Ex. 6.

## IV.    APPLICABLE LEGAL STANDARDS

### A.    Stating A Claim For Patent Infringement

"[A] complaint alleging patent infringement must comply with *Iqbal* and *Twombly* to state a claim under Rule 12(b)(6)."  *Thermolife Int'l, LLC v. Vitamin Shoppe, Inc.*, No. 16-cv-60693-UNGARO, 2016 U.S. Dist. LEXIS 122110, at *5 (S.D. Fla. June 8, 2016); *Blackberry Ltd. v. Blu Prods.*, No. 16-23535-CIV-MORENO, 2017 U.S. Dist. LEXIS 45657, at *8-9 (S.D. Fla. Mar. 27, 2017).  "'[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'"  *Thermolife*, 2016 U.S. Dist. LEXIS 122110, at *4.  Moreover, the complaint must describe how the accused product or process meets each limitation of the asserted claim.  *See Raptor, LLC v. Odebrecht Constr., Inc.*, No. 17-21509-CIV-ALTONAGA/Goodman, 2017 U.S. Dist. LEXIS 140300, at *11 (S.D. Fla. Aug. 31, 2017).

### B.    Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) directs courts to dismiss a case when they lack personal jurisdiction over the defendant.  *See* Fed. R. Civ. P. 12(b)(2).  Whether a court has

personal jurisdiction in a patent case is governed by Federal Circuit law. *Autogenomics, Inc. v. Oxford Gene Tech., Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009).

The plaintiff bears the initial burden of alleging facts sufficient to support a *prima facie* case of personal jurisdiction. *Organic Mattresses, Inc. v. Environmental Res. Outlet, Inc.*, No. 17-21905-Civ-WILLIAMS/TORRES, 2017 U.S. Dist. LEXIS 166628, at *6 (S.D. Fla. Oct. 6, 2017); *Jones v. RTC Mfg.*, No. 8:16-cv-1686-T-35JSS, 2017 U.S. Dist. LEXIS 134077, at *7 (M.D. Fla. Mar. 24, 2017) (citing *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999)). When the defendant challenges personal jurisdiction with evidentiary support, the burden shifts back to the plaintiff to produce competent evidence supporting the existence of personal jurisdiction. *See Jones*, 2017 U.S. Dist. LEXIS 134077, at *7. If no evidentiary hearing is held and the court's determination is based on affidavits and other written materials, a plaintiff need only establish a *prima facie* case of personal jurisdiction. *See Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1378 (Fed. Cir. 2015).

To establish personal jurisdiction over a non-resident defendant, a plaintiff must show that (1) jurisdiction is appropriate under Florida's long-arm statute, and (2) exercising jurisdiction would not violate the Due Process Clause of the Fourteenth Amendment. *See Celgard*, 792 F.3d at 1377.

### 1.    The Florida Long-Arm Statute

Florida's long-arm statute provides for both general and specific jurisdiction. Specific jurisdiction exists were the cause of action arises out of certain enumerated acts, such as committing a tortious act in Florida:

> (a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits . . . to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:

(2)  Committing a tortious act within this state.

Fla. Stat. § 48.193(1)(a).  Alternatively, even if the cause of action does not arise from any of the enumerated acts, general jurisdiction nevertheless exists over a non-resident defendant who "is engaged in substantial and not isolated activity within this state." Fla. Stat. § 48.193(2).  "The substantial and not isolated activity requirement of the long-arm statute has been recognized by Florida courts as the functional equivalent of the continuous and systematic contact requirement for general jurisdiction under the Fourteenth Amendment Due Process Clause." *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 n.6 (11th Cir. 2002).  Because the Florida long-arm statute extends to the limits of due process, the Court need only consider whether the non-resident defendant's contacts with the forum are "continuous and systematic."  *See id.*; *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014).

The Court must apply the Florida long-arm statute as the Florida Supreme Court would. *Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V.*¸701 F.2d 889, 890-91 (11th Cir. 1983).  Florida's long-arm statute must be strictly construed, and the burden of proving facts that allow for jurisdiction is on the plaintiff.  *Id.* at 891.  "The plaintiff bears the burden of proving by affidavit the basis upon which jurisdiction may be obtained only if the defendant challenging jurisdiction files affidavits in support of his position."  *Posner*, 178 F.3d at 1214 (citing *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989)).

## 2.   **Due Process**

Only if it finds that it can properly exercise jurisdiction under the Florida long-arm statute must the Court then analyze whether the assertion of personal jurisdiction comports with Due Process; otherwise, the inquiry ends.  *See Venetian Salami*, 554 So. 2d at 502.  Due Process requires that sufficient minimum contacts exist between the defendant and the forum state to

8

satisfy "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  The due process inquiry requires consideration of whether: (1) the defendant purposefully directed its activities to the forum State; (2) the claims arise out of or relate to those activities (collectively, the minimum contacts prong); and (3) the assertion of jurisdiction is reasonable and fair.  *NexLearn v. Allen Interactions, Inc.*, 859 F.3d 1371, 1376 (Fed. Cir. 2017). The plaintiff bears the burden of establishing the first two elements of the due process requirements.  *Celgard*, 792 F.3d at 1378.  If the plaintiff meets its burden, the burden shifts to the defendant to prove that personal jurisdiction is unreasonable.  *Id.*

### C.    Transfer

Transferring a case to another district is appropriate "[f]or the convenience of parties and witnesses, [and is] in the interest of justice . . . ."  28 U.S.C. § 1404(a).  District courts in this Circuit consider several public and private interest factors in evaluating whether transfer is appropriate under 28 U.S.C. § 1404(a).  *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted).  These factors include the following non-exhaustive list:

> (1) the convenience of the witnesses; (2) the location of the relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Further, when a plaintiff chooses a forum that is not its home, "only minimal deference [to Plaintiff's choice of forum] is required, and it is considerably easier to satisfy the burden of showing that other considerations make transfer proper."  *EcoServices, LLC v. Certified Aviation Servs, LLC*, No. 16-cv-21454-GAYLES, 2016 U.S. Dist. LEXIS 111527, at *5 (S.D. Fla. Aug. 22, 2016) (internal citations omitted).

9

## V.      ARGUMENT

### A.      BCI's Complaint Fails To State A Claim For Patent Infringement

It is hornbook law that, to infringe, the accused product must meet every limitation of the asserted claim.  Because BCI's complaint fails to allege that every limitation of at least one asserted claim is met by the accused products, it fails to state a claim for patent infringement.  BCI's complaint asserts claims 1, 14, 15, and 19 of the 012 Patent.  D.E. 1, ¶ 50.  Claim 1 (and claims 14 and 15 by virtue of their dependency on claim 1) requires, *inter alia,* an "integrated work flow automation layer, *provided above* the physical element layer," "said workflow automation layer *including programmable objects which can be specialized*," "an integrated user interface layer, *provided above* the integrated work flow automation layer," and "said integrated workflow automation layer *has an integrated architecture*."  D.E. 1-1, claim 1, col. 16, ll. 7-35 (emphasis added).  Yet BCI's complaint fails to allege (with well-pled facts or otherwise) that the accused XN-9000 or XN-9100 products meet the above-emphasized limitations of asserted claims 1, 14, and 15.  BCI's complaint is even more flawed with respect to claim 19.  BCI's complaint ignores nearly every limitation of that claim.  Because BCI's complaint fails to allege that the accused products meet each and every limitation of at least one asserted claim, it necessarily fails to state a claim for patent infringement.  On this basis alone, BCI's complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  *See Endura Prods. v. Global Prods. Int'l Grp., LLC*, No. 1:16-CV-3700-ELR, 2017 U.S. Dist. LEXIS 184574, at *13 (N.D. Ga. May 25, 2017) ("Plaintiff must

10

provide factual allegations regarding every limitation of at least one claim of each allegedly-infringed patent.").[1]

BCI's complaint suffers from other fatal defects. Rather than setting forth well-pled facts, BCI's complaint instead relies on conclusory allegations that merely parrot the claim language without linking each limitation of the asserted claim to the allegedly corresponding structure in the accused device. *See* D.E. 1, ¶¶ 37-44. BCI's complaint makes a token reference to an advertisement and "sample configuration" for the accused XN-9100, *see id.* at ¶¶ 31-33, but fails to link the structure described in these materials to the limitations of the asserted claims. *See e.g., Jenkins v. LogicMark, LLC,* No. 3;16-CV-751-HEH, 2017 U.S. Dist. LEXIS 10975, at *6-7 (E.D. Va. Jan. 25, 2017) (dismissing complaint for failing to state a claim because the complaint merely gives a "general overview" of the allegedly infringing products but failed to specify which features of the accused products correspond to the limitations of the asserted claims); *Asghari-Kamrani v. United Servs. Auto. Ass'n,* No. 2:15cv478, 2016 U.S. Dist. LEXIS 48012, at *9-10 (E.D. Va. Mar. 22, 2016) (dismissing complaint for failing to state a claim because the complaint failed to specify with sufficient particularity which features of the accused website corresponded to the limitations of the asserted claims).

BCI's complaint is also peppered with allegations that are based "on information and belief." *See* D.E. 1, ¶¶ 37-41. As BCI's complaint acknowledges, its speculative infringement allegations cannot be "confirm[ed]" without first inspecting Sysmex's source code. *See id.* Something that BCI elected not to do before filing the complaint. BCI's allegations with respect

---

[1] The accused products do not infringe for a multitude of reasons. The relevant point for purposes of this Rule 12(b)(6) motion is that BCI's complaint fails to allege that each and every limitation of at least one asserted claims is found in the accused products.

to the "means plus function" limitations also are based upon speculation instead of facts.[2]  *See id.* at ¶¶ 36-42, 44.  BCI's complaint fails to identify the structure(s) disclosed in the 012 Patent specification that allegedly perform the claimed functions, let alone the factual basis for the allegation that those structures are "the same or equivalent" to the structures in the accused products.

At best, BCI's speculative complaint raises the possibility of infringement.  But mere possibilities are not enough to state a claim.  *See Blackberry Ltd.*, 2017 U.S. Dist. LEXIS 45657, at *9 ("Plaintiffs must detail how each claim is infringed."); *Werteks Closed Joint Stock Co. v. Vitacost.com, Inc.*, No. 16-cv-60695-GAYLES, 2016 U.S. Dist. LEXIS 128032, at *7 (S.D. Fla. Sept. 20, 2016) ( "[t]he pleading standard set forth in *Iqbal* and *Twombly* requires more than the legal conclusion that the Defendants have infringed . . ."); *Thermolife*, 2016 U.S. Dist. LEXIS 122110, at *5 ("Allegations showing the 'mere possibility' of misconduct are not enough.").

Finally, BCI may attempt to excuse its deficient complaint by arguing that it did not have Sysmex's source code, and thus it was not in a position to provide well-pled facts instead of speculation.  But that excuse rings hollow, even if it were legally sanctioned (it is not).  Sysmex advised BCI that it would respond shortly to BCI's request for source code.[3]  Yet, rather than waiting for Sysmex's promised response, BCI jumped the gun and filed suit just four days later.  The sequence of events is highly suspect, and suggest that BCI's request for source code was a

---

[2] A means plus function limitation is a claim format that recites a "means" for performing the claimed function.  The claimed means is limited to the specific structure (and its equivalents) disclosed in the specification for performing the claimed function.  *See Encyclopeadia Britannica, Inc. v. Alpine Elecs., Inc.*, 355 F. App'x 389, 392 (Fed. Cir. 2009).

[3] Notwithstanding BCI's carefully worded allegation suggesting otherwise, *see* D.E. 1, ¶ 45, Sysmex never refused to provide the source code to BCI.

ruse.  BCI did not want Sysmex's cooperation in providing access to the source code, likely out of a concern that a review of the code would demonstrate Sysmex's non-infringement.  Instead, BCI opted for calculated ignorance, and filed a defective complaint that is based upon speculation instead of well-pled facts.  BCI's tactics are inconsistent with good faith.

### B.  The Court Lacks Personal Jurisdiction Over Sysmex

BCI's complaint improperly lumps together Sysmex and SAI, collectively referring to these two distinct entities as "Sysmex."  *See* D.E. 1, ¶¶ 8, 10, 12, 22-25.  This blurring of two legally distinct entities is contrary to the Federal Rules.  *See Raptor, LLC*, 2017 U.S. Dist. LEXIS 140300, at *12 ("[A] complaint that 'indiscriminately lump[s] defendants' together fails to comply with [Federal Rule of Civil Procedure] 8.'").  Sysmex and SAI are separate legal entities, and Sysmex's contacts with Florida must be separately considered in the jurisdiction analysis.  *See Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1349 (Fed. Cir. 2010) ("[I]t is well-settled law that, absent a piercing of the corporate veil . . . , a parent company is not liable for the acts of its subsidiary.").  Because Sysmex has not committed any acts of alleged infringement in Florida, and its Florida contacts do not support the exercise of general jurisdiction, there is no personal jurisdiction under the Florida long-arm statute.  Therefore, the Court need not reach the question whether exercising personal jurisdiction over Sysmex under the long-arm statue is also consistent with due process.  Moreover, SAI's contacts with Florida cannot be imputed to Sysmex under an agency theory, because SAI is not Sysmex's agent.

### 1.  Sysmex's Isolated Florida Activity Do Not Support General Jurisdiction

Pursuant to the Florida long-arm statute, general jurisdiction exists only when the foreign corporation is "engaged in substantial activity" within Florida.  *See* Fla. Stat. § 48.193(2).  The Eleventh Circuit has equated "substantial activity" to activity that is "continuous and systematic"

such that the foreign corporation is essentially "at home" in Florida.  *See Schulman v. Institute for Shipboard Educ.,* 624 F. App'x 1002, 1005 (11th Cir. 2015) (finding no personal jurisdiction under the Florida long-arm statute).  As noted in *Schulman,* it is the "exceptional case[]" where the exercise of general jurisdiction is appropriate in a forum other than the corporation's State of incorporation or principle place of business.  *Id.* (quoting *Daimler,* 134 S. Ct. at 761).  This is not one of those "exceptional cases."

Sysmex is a foreign corporation domiciled in Japan, with its principle place of business in Kobe, Japan.  Murakami Decl., Ex. 1, ¶ 4.  Sysmex conducts its business from its offices in Kobe, Japan.  *Id.*  Sysmex does not maintain a registered agent in Florida, nor is it registered to do business in Florida.  Sysmex does not maintain a place of business in Florida.  *Id.* at ¶ 8.  Sysmex does not own, lease or rent real property in Florida, nor does it maintain any type of bank or securities accounts in Florida.  *Id.* at ¶¶ 6-7.  With the exception of city consumption taxes related to personnel traveling through Florida, Sysmex does not pay taxes to Florida, and all of Sysmex's business records are kept in the regular course of business in Japan.  *Id.* at ¶¶ 9-10.

Sysmex's website also does not arise to "substantial" Florida-based activity that would support the exercise of general jurisdiction.  Florida residents cannot purchase Sysmex branded products through Sysmex's website, nor are the prices even listed.  *Id.* at ¶ 19.  Instead, Sysmex directs visitors of its website to SAI with respect to the purchase of Sysmex branded products in the United States.  *Id.* at ¶ 20.  *See NexLearn*, 859 F.3d at 1378 ("it cannot be that the mere existence of an interactive website, like the existence of an out-of-state store, is 'suit-related conduct . . . creat[ing] a substantial connection with the forum State.'"); *see also Quick Techs., Inc. v. Sage Grp. Plc*, 313 F.3d 338, 345 (5th Cir. 2002) (operation of web site containing company and product information and links to subsidiaries insufficient grounds for personal jurisdiction).

14

Sysmex's Florida contacts are, at most, isolated.  One of Sysmex's executive officers has a residence in Florida.  Ex. 1, ¶ 22.  Sysmex also has a research contract with the University of Florida.  *Id.* at ¶ 21.  These isolated activities fall far short of rendering Sysmex "at home" in Florida, and as such cannot support the exercise of general jurisdiction.

### 2.  Sysmex Has Not Committed Acts Of Alleged Infringement In Florida That Would Support Specific Jurisdiction

Florida's long-arm also provides for specific jurisdiction over an out-of-state defendant where the cause of action arises from "a tortious act" committed within Florida.  Fla. Stat. § 48.193(1)(a)(2).[4]  But Sysmex has not committed any allegedly tortious act in Florida.  Again, improperly blurring the legal distinction between Sysmex and SAI, BCI asserts that "Sysmex has committed acts of patent infringement in this district."  *See* D.E. 1, ¶ 8.  However, Sysmex has not committed any acts of alleged infringement in Florida.  Sysmex manufactures the accused products in Japan and then ships them to SAI in Illinois.  Ex. 1, ¶¶ 14, 16.  At that point, SAI takes title and exercises sole and exclusive control over the accused products, including where in the United States they are distributed and sold.  Ezers Decl., Ex. 2, ¶¶ 10-11.  Sysmex has not and does not manufacture, use, sell, or offer for sale the accused products in Florida, nor has Sysmex shipped the accused products into Florida.  Ex. 1, ¶ 17.

### 3.  SAI's Florida-Based Activity Cannot Be Imputed To Sysmex Under An Agency Theory

BCI's makes the conclusory allegations that SAI is Sysmex's agent.  *See* D.E. 1, ¶ 6 (BCI

---

[4] BCI's complaint does not reference the Florida Long-Arm statute, much less the specific statutory section on which BCI relies for personal jurisdiction over Sysmex.  Because it asserts a claim for patent infringement (which is considered a tort for purposes of the jurisdictional analysis), BCI presumably relies on Fla. Stat. § 48.193(1)(a)(2).

alleges "[o]n information and belief, [SAI] is, at least, an agent of [Sysmex Corp.] in connection with certain of the activities described below.").  BCI is mistaken.

"To establish an agency relationship under Florida law, a party must show: (1) acknowledgement by the principal that the agent will act for it; (2) the agent's acceptance of the undertaking; and (3) control by the principal over the actions of the agent."  *See Meterlogic, Inc. v. Copier Solutions, Inc.*, 126 F. Supp. 2d 1346, 1354 (S.D. Fla 2000).  With respect to point (3), "[t]he amount of control the parent exercises must be very significant."  *Id.* at 1356 (citation omitted).  The type of control necessary to establish an agency relationship is "operational control"—that is, active control over the internal day-to-day affairs of the subsidiary.  *See State v. Am. Tobacco Co.*, 707 So. 2d 851, 855 (Fla. 4th DCA 1998) (citation omitted).

Sysmex does not exercise "operational control" over SAI.  To the contrary, SAI determines and controls where, to whom, how, and the terms pursuant to which it markets, distributes, and sells Sysmex Corp. branded products.  Ex. 2, ¶ 12.  For example, SAI decides which customers to target, the marketing strategies it will implement, and the trade shows it will attend.  *Id.*  SAI is also solely responsible for its costs.  SAI also determines the price and terms pursuant to which it sells Sysmex branded products.  *Id.*  Although SAI's product literature and marketing materials must identify Sysmex as the manufacturer of the Sysmex branded products, and SAI must use Sysmex's trademarks according to Sysmex's guidelines, this is not tantamount to "operational control" that would support an agency relationship.  *See, e.g., Hard Candy, LLC v. Hard Candy Fitness, LLC*, 106 F. Supp. 3d 1231, 1242-44 (S.D. Fla. 2015) (no agency with subsidiary even though parent retained the exclusive right to approve decisions concerning the subsidiary's use, acquisition, and disposition of intellectual property).

16

Notably, BCI's complaint fails to allege, either with well-pled facts or otherwise, that Sysmex exerts "operational control" over SAI. To the contrary, the sole factual allegation arguably relevant to BCI's agency theory has nothing to do with the issue of operational control: "Sysmex states on its website that Sysmex America, Inc. in Lincolnshire, Illinois, is the US headquarters for Sysmex Corporation based in Kobe, Japan." D.E. 1, ¶ 7. However, that singular statement falls woefully short of pleading, let alone establishing, that Sysmex exerts operational control over SAI.

### C.     If Not Dismissed This Case Should Be Transferred

The first step in the transfer analysis is determining whether the action could have been brought in the transferee forum, which in this case is Northern District of Illinois. *See EcoServices,* 2016 U.S. Dist. LEXIS 111527, at *3. There can be no serious dispute that BCI could have brought this action in the Northern District of Illinois. Not only is that SAI's home forum, but also both SAI and Sysmex are subject to personal jurisdiction there.

In addition, the convenience of the parties and witnesses, trial efficiency, and the interests of justice all favor transfer. Moreover, because Florida is not BCI's home forum, it is considerably easier to satisfy the burden of showing that transfer is appropriate. *See id.* at *5.

### 1.     BCI's Choice of Forum Is Not Entitled To Any Deference

The "center of gravity" of this case is the Northern District of Illinois. That is where SAI has its principal place of business, and where SAI's employees and documents relevant to this case are located. That is also where the accused products are shipped, and where SAI takes title. As this Court has noted, in a patent infringement suit the "location of the alleged infringer's principal place of business is often the critical and controlling consideration in adjudicating transfer of venue motions." *Id.* at *6 (citations omitted). This, combined with the fact that Florida is not BCI's home forum means that BCI's choice of this forum is entitled to no deference. *Id.*

17

### 2.      The Convenience Of The Witnesses Favors Transfer

"The convenience of witnesses is probably the single most important factor in transfer analysis." *Id.* at *8 (internal quotations and citations omitted).  SAI's likely witnesses are located in the Northern District of Illinois.  These likely witnesses are knowledgeable about the operational details and functional attributes of the accused products, financial and sales data relating to the accused products, and the marketing of those products.  *See* Ex. 2, ¶ 14.  None of SAI's or Sysmex's likely witnesses are located in Florida.

Nor would transfer merely shift the inconvenience from one party to the other.  BCI is a Delaware corporation with a principle place of business in California.  BCI's likely witnesses will be required to travel, regardless of where the case is heard.

### 3.      Location Of The Relevant Documents And Sources of Proof Favor Transfer

The bulk of the relevant evidence in a patent case "usually comes from the accused infringer." *See EcoServices,* 2016 U.S. Dist. LEXIS 111527, at *9.  This case is no different.  The sales, marketing, and financial documents relating to the accused products are located at SAI's offices in the Northern District of Illinois.  Ex. 2, ¶ 15.  In contrast, none of the relevant documents are located in Florida.[5]  Also, this case will likely require inspection of the accused XN-9000 and XN-9100 products.  It would be far more convenient to arrange for that inspections at SAI's headquarters in the Northern District of Illinois than in this district.  Ex. 2, ¶ 16.  *See EcoServices* 2016 U.S. Dist. LEXIS 111527, at *10 (transferring case to forum where inspection of the accused product would be more convenient).  Thus, these factors also favor transfer.

---

[5] Although SAI has an office in Doral, Florida, that office is exclusively devoted to servicing various Latin American markets, and is not involved in the marketing, distribution or sale of the accused products in the United States.  Ex. 2, ¶ 17.

### 4.      The Interests Of Justice Favor Transfer

This district is not the home forum of any party.  As this Court has aptly noted, "[c]itizens in the Southern District of Florida have little interest in disputes between foreign businesses and normally should not be burdened by the litigation."  *See EcoServices,* 2016 U.S. Dist. LEXIS 111527, at *10-11 (citation omitted).  That is precisely the case here.  None of the parties are incorporated or have its principle place of business in Florida.  On the other hand, SAI's home forum is the Northern District of Illinois.  Thus, the Northern District of Illinois has a more significant interest in this dispute than this district.

Judicial economy also strongly favors transfer.  The same patent and products at issue here are also at issue in the declaratory judgment action, which is currently pending in the Northern District of Illinois.  It would be a waste of judicial resources for two separate actions involving the same issues to proceed in parallel in two different districts.  As the Court has previously noted, this district already has "one of the busiest dockets in the country."  *See EcoServices,* 2016 U.S. Dist. LEXIS 111527, at *11.  Handling duplicative actions only makes matters worse.  The current action should be transferred to the Northern District of Illinois, where it can be consolidated or otherwise coordinated with the declaratory judgment action.

## VI.      CONCLUSION

For at least the foregoing reasons, BCI's complaint should be dismissed with prejudice.  In the alternative, this case should be transferred to the Northern District of Illinois.

19

## LOCAL RULE 7.1(a)(3) CERTIFICATION

In accordance with Local Rule 7.1(a)(3), Counsel for Defendants conferred with Counsel for Plaintiff regarding the issues raised in the present motions.  The parties were not able to resolve the issues, and Counsel for Plaintiff opposes each issue raised in the motions herein.

DATED:  February 1, 2018                    Respectfully submitted,


By:___/s/Alejandro J. Fernandez_____

Alejandro J. Fernandez (FBN: 32221)
**BRINKS GILSON & LIONE, P.C.**
SunTrust Financial Centre, Suite 3500
401 E. Jackson Street
Tampa, FL 33602
afernandez@brinksgilson.com
Telephone No. (813) 275-5020
Telefacsimile No. (813) 275-5021

Ralph J. Gabric *Admitted Pro Hac Vice*
(IL ARDC No. 06198485)
Erik M. Bokar
(IL ARDC No. 06326603)
**BRINKS GILSON & LIONE, P.C.**
NBC Tower, Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois 60611
rgabric@brinksgilson.com
ebokar@brinksgilson.com
Telephone No. (312) 321-4200
Telefacsimile No. (312) 321-4299

***Counsel for Defendants***

20

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2018, the foregoing motion was filed electronically with the Clerk of the Court through the Court's ECF system, which will send notifications of this filing to all counsel of record identified on the attached Service List:

 /s/Alejandro J. Fernandez   
Alejandro J. Fernandez

## SERVICE LIST

Case No. 1:17-cv-24049-GAYLES

Robert Alfert, Jr., P.A.
ralfert@broadandcassel.com
390 N. Orange Avenue, Ste 1400
Orlando, FL 32801
Telephone No. (407) 839-4200
Facsimile No. (407) 425-8377
vmattison@broadandcassel.com

Wesley O. Mueller, Esq
wmueller@leydig.com
David M. Airan, Esq.
dairan@leydig.com
Aaron R. Feigelson, Esq.
afeigelson@leydig.com
Nicole E. Kopinski, Esq.
nkopinski@leydig.com
Leydig, Voit & Mayer, Ltd
Two Prudential Plaza, Suite 4900
Chicago, Illinois 60601
Telephone No. (312) 616-5600
Facsimile No. (312) 616-5700

21